JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RASHEED BROADNAX | ARNOLD'S OFFICE FURNITURE |

| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Brian M. Doyle- Law Offices of Eric A. Shore<br>1500 JFK Blvd, Suite 1240<br>Philadelphia PA 19102 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☒ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)

Brief description of cause:
Race Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
10/13/2021

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___2622 Sweet Road, Apt C7, Norristown PA 19401___

Address of Defendant: ___313 West 4th Street, Bridgeport, PA 19405___

Place of Accident, Incident or Transaction: ___313 West 4th Street, Bridgeport, PA 19405___

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___10/13/2021___    _~signature~_    ___319475 (PA)___
                          *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Brian M. Doyle___, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___10/13/2021___    _~signature~_    ___319475 (PA)___
                          *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | | | |
|---|---|---|---|---|
| | | | : | CIVIL ACTION |
| RASHEED BROADNAX | v. | ARNOLD'S OFFICE FURNITURE | : : : | |
| | | | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)


| | | |
|---|---|---|
| 10/13/2021 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-944-6113 | 215-944-6124 | BrianD@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RASHEED BROADNAX | : | |
| 2622 Sweet Road, Apt. C7 | : | |
| Norristown, PA 19401 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| ARNOLD'S OFFICE FURNITURE | : | |
| 313 West 4th Street | : | |
| Bridgeport, PA 19405 | : | |
| | : | |
| Defendant. | : | |

CIVIL ACTION COMPLAINT

And now Plaintiff, RASHEED BROADNAX, by and through his undersigned counsel,

files this Complaint alleging that his rights, pursuant to Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000d, *et seq*. and the Pennsylvania Human Relations Act ("PHRA"),

43 P.S. § 951 *et seq*. have been violated and avers as follows:

PARTIES

A. The Plaintiff

1.      Plaintiff, Rasheed Broadnax ("Broadnax" or "Plaintiff") is an adult individual

residing in Montgomery County at 2622 Sweet Road, Apt. C7; Norristown, PA 19401.

B. The Defendant

2.      Defendant, Arnold's Office Furniture ("Defendant") is a business entity located in

Montgomery County at 313 West 4th Street, Bridgeport, PA 19405.

3.      At all times, Defendant employed more than 15 individuals and met the statutory

definition of an "employer" as defined by Title VII and the PHRA.

1

JURISDICTION AND VENUE

4      This Complaint alleges discrimination and a hostile workplace on the basis of Broadnax's race and color in violation of Title VII.

5.      This Complaint further alleges retaliation on the basis of Broadnax's good faith complaint of racial discrimination, in violation of Title VII.

6.      Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

8.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

ADMINISTRATIVE PROCEEDINGS

9.      On or about December 14, 2020, Broadnax filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2021-01088 alleging a hostile workplace, wrongful discharge, and failure to hire due to the actions of Defendant.

10.     Broadnax has been advised of his individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated July 26, 2021 (attached hereto as Exhibit "A").

11.     Broadnax has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

OPERATIVE FACTS

2

12. Defendant first hired Broadnax in January 2016 to work as a member of its warehouse team.

13. Broadnax was terminated from his position with Defendant in June 2016 but was rehired by Defendant into his original position in January 2017.

14. Broadnax is African-American.

15. Broadnax worked alongside Bryan Mohn, who is Caucasian.

16. Mohn was a long-time employee of Defendant who had a reputation as an "enforcer" in Defendant's warehouse. Mohn frequently used hostile and offensive language, and threatened violence, whenever Mohn believed that a warehouse employee was failing to perform a work-related task in the proper manner.

17. During the course of his employment with Defendant, Mohn stated to Broadnax words to the effect of "I'm going to beat you up" and "I'm going to kill you."

18. Mohn also frequently, loudly, and openly used the word "n-gger" (hereinafter "n----r") towards Broadnax.

19. Upon information and belief, Mohn directed the word "n----r" towards other African-American employees throughout the course of his employment with Defendant.

20. Mohn stated, in reference to Defendant's management, that "they don't care" about his use of the word "n----r."

21. Broadnax and other minority coworkers frequently discussed Mohn's inappropriate use of the word "n----r" in the workplace.

22. While Defendant previously reprimanded staff for using racial slurs, this conduct continued.

3

23.     Mohn told Broadnax that since "nobody [in management] was around, I can use" the word "n----r".

24.     In March 2020, Defendant furloughed Broadnax and all other warehouse employees in response to the COVID-19 pandemic.

25.     Since March 2020, Broadnax sought reemployment with Defendant. While Defendant has rehired many of Broadnax's coworkers, Defendant did not rehire Broadnax.

**COUNT I**
**TITLE VII - RACE DISCRIMINATION**
**42 U.S.C.A. § 2000e-2(a)**

26.     Broadnax incorporates the above paragraphs as if fully set forth at length herein.

27.     Broadnax's status as African-American places him in the protected class of race and color.

28.     Broadnax's membership in a protected class was motivating factors in Defendant's decision to terminate his employment.

29.     Broadnax's membership in a protected class was motivating factors in Defendant's failure to rehire Broadnax.

30.     Broadnax suffered disparate treatment by Defendant, as set forth above.

31.     As such, Defendant's decision to subject Broadnax to adverse employment action employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

32.     As a proximate result of Defendant's conduct, Broadnax sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Broadnax

4

has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

33.     As a result of the conduct of Defendant's management, Broadnax demands punitive damages.

34.     Broadnax demands attorney's fees and court costs under Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), *et seq.*


**COUNT II**
**TITLE VII - HARASSMENT**
**42 U.S.C.A. § 2000e-2(a)**


35.     Broadnax incorporates all foregoing allegations as if they are stated in this Count in full.

36.     Broadnax had to endure pervasive and/or regular harassment from Mohn.

37.     This harassment by Mohn detrimentally affected Broadnax.

38.     This harassment was motivated by Broadnax's race and color.

39.     The harassment by Mohn would detrimentally affect a reasonable person for all of the reason stated herein, as the harassment and its results would cause decreased wages, pain, lost wages, and embarrassment and humiliation to a reasonable person.

40.     The harassment of Broadnax by Mohn was willful and intentional.

41.     Despite Mohn's behavior being open and notorious in the workplace, and known to Defendant's management, no meaningful remedial action was taken with respect to the harassment.

42.     This willful, intentional, and unlawful harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq.*

## COUNT III
## SECTION 1981 - DISCRIMINATION
## 42 U.S.C. § 1981

43.     Broadnax incorporates the above paragraphs as if fully set forth at length

herein.

44.     Defendant took adverse action against Broadnax by unfairly and unequally

curtailing him compensation on account of his race as well as creating a hostile work environment in

an attempt to drive him from employment with Defendant.

45.     Broadnax status as being African-American places him in the protected class of

race.

46.     Broadnax's membership in a protected class was a motivating factor in

Defendant's decision to subject Broadnax to an adverse employment actions.

47.     Broadnax suffered disparate treatment by Defendant, as set forth above.

48.     Defendant subjected Broadnax to intentional discrimination based on his race and

color. Specifically, Defendant's intentional discrimination was based on the fact that Broadnax is

African-American.

49.     Defendant's decision to tolerate Mohn's harassment of Broadnax and to subject

him to adverse employment actions is an unlawful employment practice under 42 U.S.C. § 1981.

50.     As a proximate result of Defendant's conduct, Broadnax sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and

Broadnax also sustained work loss, loss of opportunity, and a permanent diminution of

earning power and capacity and a claim is made therefore.

6

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951

51.     Broadnax incorporates all the preceding paragraphs as if they were set forth at length herein.

52.     Based on the foregoing, Broadnax alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his race and color.

53.     Defendant's conduct caused Broadnax to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Broadnax has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

54.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Broadnax demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Rasheed Broadnax, demands judgment in his favor and against Defendant, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Attorneys' fees and costs of suit;

C.   Punitive damages;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

<strong>LAW OFFICES OF ERIC A. SHORE, P.C.</strong>

BY: /s/ Brian M. Doyle (PA Id. 319475)
    **BRIAN M. DOYLE, ESQUIRE**
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102
    Attorney for Plaintiff, Rasheed Broadnax

Date:_____

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S **§** 4904, relating to unsworn falsification to authorities.

10/13/2021
_____
Date

Rasheed Broadnax

9